# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER GRINIS, MICHAEL GORDON, and ANGEL SOLIZ, on behalf of themselves and those similarly situated, <br>       *Petitioners*, <br>             v. <br> STEPHEN SPAULDING, Warden of Federal Medical Center Devens, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official capacities, <br>       *Respondents*. | No.  20-cv-10738-GAO |

## PETITIONERS' MOTION FOR EMERGENCY STATUS CONFERENCE AND REQUEST FOR RESPONDENTS' IMMEDIATE DISCLOSURE OF INITIAL INFORMATION AND PERIODIC REPORTS

Since the filing of the Petition yesterday, the number of confirmed COVID-19 cases among BOP inmates and staff grew from 692 confirmed cases at 42 facilities to 752 confirmed cases at 43 facilities.[1]



---

[1] *See* https://www.bop.gov/coronavirus/; https://federaldefendersny.org/.

With every passing hour, the odds of a deadly outbreak at FMC Devens increase.

Despite the urgent need to mitigate this risk, weekly BOP population data released *this morning* reveals that FMC Devens remains near 90 percent capacity, with 108 prisoners in the Camp (**the same as last week**) and 906 prisoners in the Medical Center (only 8 fewer than last week).[2] The Respondents' failure to act is especially difficult to comprehend since the Camp is full of prisoners, like Petitioner Grinis, who pose no conceivable threat to public safety and could self-quarantine at home within an hour of being picked up by a local family member.

As Attorney General Barr made clear, in his memorandum to Respondents Director Carvajal, Warden Spaulding, and the entire BOP: "Given the speed with which this disease has spread through the general public, it is clear that time is of the essence." Mem. of Atty Gen. W. Barr (Apr. 3, 2020).[3] Reflecting this urgency, Petitioners provided advance notice to the government of this action. On the day before filing, counsel for Petitioners conferred with the Civil Chief of the U.S. Attorney's Office and provided a written description of the claim and requested relief. Then, on the day of filing, Petitioners' counsel sent the papers to him via email.

Because every day matters in the fight against this deadly pandemic, Petitioners request that this Court 1) convene a status conference on Monday, April 20, 2020; and 2) order the Respondents to provide certain limited categories of

---

[2] *See* https://www.bop.gov/about/statistics/population_statistics.jsp.
[3] *Available at* https://www.justice.gov/file/1266661/download.

documents and information prior to the status conference. These requests aim to facilitate this Court's management of this case and to enable the Parties to address the situation at FMC Devens based on the most current and accurate information that is available. Counsel for Respondents does not object to a status conference but does object to any order requiring Respondents to provide information or data in advance of the Respondents' answer to the Petition.

## I.  Request for Emergency Status Conference

Petitioners request that this Court convene a status conference on Monday, April 20, 2020, in order to discuss the efficient and appropriate management of this class action, given the rapidly evolving public health crisis.

In similar cases, courts have quickly convened the parties. *See Banks v. Booth*, No. 20-cv-849 (Kollar-Kotelly, J.) (D.D.C. Apr. 1, 2020) (holding telephonic conference the day after the complaint was filed); *Chunn v. Edge*, No. 20-cv-1590 (Kovner, J.) (E.D.N.Y. Mar. 31, 2020) (holding telephonic hearing two days after the motion for temporary restraining order was filed); *Livas v. Myers,* No. 20-cv-422 (Doughty, J.) (W.D. La. Apr. 7, 2020) (holding status conference the day after the complaint and motion for preliminary injunction were filed); *Savino v. Souza*, No. 20-10617-WGY (D. Mass. Mar. 30, 2020) (holding Zoom hearing two business days after the petition and motion for temporary restraining order were filed); *Wilson v. Williams*, 20-cv-794 (Gwin, J.) (N.D. Ohio Apr. 14, 2020) (setting expedited briefing schedule with respondents' response due four days after the petition was filed).

## II.     Request for Immediate Disclosure of Initial Information and Periodic Reports

In addition, Petitioners request that this Court order Respondents to disclose, by noon on Monday, April 20, the following initial information about the current facilities and practices at FMC Devens:

1. Number of available COVID-19 tests;
2. Number of N95 masks;
3. Number of ventilators;
4. All written policies and procedures concerning the transfer of prisoners to outside hospitals;
5. All written policies and procedures concerning COVID-19; and
6. All written policies and procedures for identifying and approving prisoners for compassionate release and/or transfer to home confinement.

Petitioners further request that this Court order Respondents to disclose, on a bi-weekly basis (by noon every Monday and Thursday), the following statistical information concerning FMC Devens (numbers on a cumulative basis):

1. Total prisoners at FMC Devens (with the breakdown for the Medical Center and Camp);
2. *Prisoners* who have been tested for COVID-19, results received, and positive cases;
3. *Staff* who have been tested for COVID-19, results received, and positive cases;
4. Prisoners who have been isolated or quarantined due to COVID-19 symptoms and/or exposure to persons with such symptoms;
5. Prisoners who have been transferred to outside hospitals for (a) treatment of presumed or confirmed COVID-19, and (b) all other reasons;
6. Since March 1, 2020, prisoners who have died from (a) presumed or confirmed COVID-19, and (b) all other causes;
7. Since March 26, 2020, (a) prisoners *approved* for compassionate release, and (b) such prisoners *actually released* from the facility; and
8. Since March 26, 2020, (a) prisoners *approved* for home confinement, and (b) such prisoners *actually transferred* from the facility to home confinement.

The requested information is critical to adjudication of the matters raised in this case and well within the Court's authority to order.

Even in the absence of pending litigation, in the District of Rhode Island, Chief Judge McConnell issued a general order requiring the Wyatt Detention Facility to disclose analogous information on a bi-weekly basis. *See* General Order (D.R.I. 16, 2020).[4]  In other COVID-19 litigation, courts have also ordered the prompt disclosure of similar information, which is critical to accurately evaluating and appropriately addressing the dangers from the ongoing pandemic in particular correctional facilities. *See, e.g.*, *Savino v. Souza*, No. 20-10617-WGY (D. Mass. Apr. 8, 2020) (granting discovery of: "Documents sufficient to show the dimensions of class members' beds/bunks, including the vertical and horizontal space between beds/bunks; 2. Documents sufficient to show the dimensions of all dining areas, bathrooms, and recreational or common areas to which class members have access; 3. Documents sufficient to show the protocol for testing detainees and staff for COVID-19; 4. Documents sufficient to show the protocol for cleaning of all areas to which class members have access; [and] 5. Documents sufficient to show the dimensions of the medical unit to which class members have access, number of beds, dimensions of rooms, number of medical staff, number of ventilators, amount of available personal protective equipment")*; Banks v. Booth*, No. 20-cv-849 (D.D.C. Apr. 1, 2020) (ordering Defendants to provide, *inter alia*, "the numbers of people who have been tested for COVID-19 and a break-down of the identities of those

---

[4] *Available at* https://www.rid.uscourts.gov/sites/rid/files/Wyatt_General_Order.pdf.

individuals (such as inmates, visitors, etc.) and the results of those tests; the date on which Defendants began testing people coming into the jails; the number and a breakdown of the results of COVID-19 tests which have been done on those who were incarcerated prior to the date on which Defendants began testing all incoming inmates; all relevant written procedures and practices concerning COVID-19"); *cf. Committee for Public Counsel Services v. Chief Justice of the Trial Court*, 484 Mass. 431, 435, 456 (2020) (final decision ordering Defendants to provide "daily census reports" to "the special master, the probation service, the district attorneys, and CPCS, identifying: (a) the over-all inmate population; (b) the number of COVID-19 tests and number of positive results for all inmates, correctional officers, or other staff members, including contractors; and (c) the number of inmates who have been released pursuant to the procedures or guidance set forth in this decision").

## CONCLUSION

For the foregoing reasons, the Court should convene a status conference and order the Respondents to provide the requested information.

Respectfully submitted,

ALEXANDER GRINIS, MICHAEL GORDON, ANGEL SOLIZ,
and others similarly situated,

By their attorneys,

    */s/ William W. Fick*
William W. Fick, BBO# 650562
Daniel N. Marx, BBO# 674523
Amy Barsky, BBO# 601111
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02210
857-321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

Matthew R. Segal, BBO# 654489
Jessie J. Rossman, BBO #670685
ACLU FOUNDATION
OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA  02110
(617) 482-3170
*msegal@aclum.org*
*jrossman@aclum.org*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, William W. Fick, certify that on April 16, 2020, I conferred in good faith with AUSA Eve A. Piemonte to discuss whether it would be possible to resolve or narrow the issues that this Motion presents.

                              */s/ William W. Fick*

## CERTIFICATE OF SERVICE

I, William Fick, certify that on April 16, 2020, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                              */s/ William Fick*