UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER GRINIS, MICHAEL GORDON, and ANGEL SOLIZ, on behalf of themselves and those similarly situated,<br><br>Petitioners<br>v.<br><br>STEPHEN SPAULDING, Warden of Federal Medical Center Devens, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official capacities,<br><br>Respondents. | Civil Action No. 20-cv-10738-GAO |

**RESPONDENTS' SUPPLEMENTAL DECLARATION**

After the April 22, 2020 filing of *Respondents' Omnibus Response to Petition for Writ of Habeas Corpus and Opposition to Petitioners' Motion for Immediate Bail and Injunctive and Declaratory Relief* (ECF No. 32), supplemental guidance was issued by the Bureau of Prisons ("BOP") with regard to BOP's home confinement prioritization. The supplemental declaration of Amber Bourke, Case Manager, Federal Medical Center, Devens, Massachusetts ("Supp. Bourke Decl."), attached hereto, provides the most current information regarding BOP's priority home confinement program, and clarifies that the priority factors that BOP has generally considered for home confinement of inmates are subject to deviation in BOP's discretion in certain circumstances, and are subject to revision as the situation progresses. The BOP is, at this time, prioritizing for consideration those inmates who either, (1) have served 50% or more of their sentences; or, (2) have 18 months or less remaining in their sentences and have served 25% or more of their sentences. *See* Supp. Bourke Decl. ¶ 19. As BOP processes the inmates eligible for home confinement under these criteria and learns more about the COVID-19 pandemic and

its effect on BOP facilities, it is assessing whether and how to otherwise prioritize consideration. *Id*.

Respondents continue to oppose the relief requested by Petitioners. Petitioners cannot demonstrate that the BOP, or FMC Devens, has acted with deliberate indifference and their constitutional claims under the Eighth Amendment must fail. Moreover, the release of hundreds of prisoners by this Court is neither permitted by law, nor would it serve the health and safety of the inmates or the general public. Therefore, this Court must deny the Petition for Writ of Habeas Corpus, deny class certification in this case, and deny Petitioners' motions for a temporary restraining order, injunctive relief and declaratory judgment.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Dated: April 24, 2020          Eve.Piemonte@usdoj.gov