UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEXANDER GRINIS, MICHAEL
GORDON, and ANGEL SOLIZ, on behalf of
themselves and those similarly situated,

    Petitioners,

v.

STEPHEN SPAULDING, Warden of Federal
Medical Center Devens, and MICHAEL
CARVAJAL, Director of the Federal Bureau
of Prisons, in their official capacities,

    Respondents.

Civil Action No. 20-cv-10738-GAO

## RESPONDENTS' MOTION TO CONSOLIDATE CASES

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.1(j), Respondents move for consolidation of this case, as the lead case, with the following related cases:

| Case Name | Civil Docket Number | Date Filed |
|---|---|---|
| *Walis Parra Reyes v. Spaulding* | 20-cv-10793-JCD | April 23, 2020 |
| *Darrell Self v. Spaulding* | 20-cv-10813-MPK | April 28, 2020 |
| *Gary C. Snisky v. Spaulding* | 20-cv-10815-WGY | April 28, 2020 |
| *Feliciano Nieves Delgado v. Spaulding* | 20-cv-10817-NMG | April 28, 2020 |
| *Doherty Kushimo v. Spaulding* | 20-cv-10821-DLC | April 29, 2020 |
| *Israel Cruz v. Spaulding* | 20-cv-10841-MGM | May 1, 2020 |
| *Crispin Abarientos v. Stephen Spaulding, et al.* | 20-cv-10855-IT | May 5, 2020 |

On April 15, 2020, Petitioners filed a *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief* seeking, *inter alia*, release from incarceration for themselves, and for all putative class members, certification of the petition as a class action, and a declaratory judgment that official-capacity Respondents' policies and practices in the wake of the COVID-19 pandemic violate the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 1. By their *Motion for Immediate Bail Consideration, Temporary Restraining Order, and Preliminary Injunctive Relief*, Petitioners also sought release

of putative class members to "ensure effective social distancing at FMC Devens in compliance with CDC guidelines," and have asked this Court to order injunctive relief compelling Respondents to comply with CDC guidelines. ECF No. 3. This Court took Petitioners' motion for emergency relief under advisement after a hearing on April 27, 2020, and a decision remains pending. ECF No. 39.

Thereafter, the above-referenced related cases seeking petitions for writ of habeas corpus (the "related cases") were filed in the U.S. District Court for the District of Massachusetts. The related cases were filed by, or brought on behalf of, inmates incarcerated at FMC Devens. In each of the related cases, the petitioners seek release from confinement due to the conditions at FMC Devens in light of the COVID-19 pandemic. As such, these cases are "related" pursuant to Local Rule 40.1(g)(1).

Accordingly, Respondents move for consolidation of the related cases with this case. Fed. R. Civ. P. 42(a); Local Rule 40.1(j). Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions involving common questions of law or fact. *New England Energy Inc. v. Keystone Shipping Co.*, 855 F.2d 1, 7 (1st Cir. 1988); *see also Carr v. Analogic Corporation*, Civil Action Nos. 18-cv-11301-ADB, 18-cv-11557-ADB, 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018). "The threshold issue in determining whether to consolidate cases under Rule 42(a) is whether the two proceedings involve a common party *and* common issues of fact or law." *Saade v. Pennymac Loan Services, LLC,* Civil Action No. 15-13611-IT, 2016 WL 6916841, at *9 (D. Mass. Aug. 31, 2016) (citing *Seguro de Servicio de Salud v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (emphasis in original). If this requirement is met, the court has "broad discretion" to decide whether consolidation is appropriate. *New England Energy Inc.,* 855 F.2d at 7; *Town of Norfolk v. U.S. E.P.A.*, 134 F.R.D. 20, 21 (D. Mass. 1991) (citing *Seguro de Servicio de Salud,*

878 F.2d at 8) (same).  In weighing a decision to consolidate cases, this Court will "consider and weigh the convenience or inconvenience of the parties, judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." *Saade*, 2016 WL 6916841, at *9 (citing *Gilliam v. Fidelity Mgmt. & Research Co.*, No. 04-11600NG, 2005 WL 1288105, at *1 (D. Mass. May 3, 2005).

The related cases raise the same claims against the same respondents, arise from the same set of facts and circumstances, and involve substantially the same questions of fact and law as those raised by Petitioners in this case.  Fed. R. Civ. P. 42(a); L.R. 40.1(g)(1).  The related cases involve the same transaction or event (prison conditions at FMC Devens in light of the COVID-19 pandemic) and seek the same relief (release).  *Id*.  Indeed, should this Court certify a class in this case, petitioners in the related cases may become a member of the certified class, and, notwithstanding class certification of membership, a resolution in this case may well be dispositive of petitioners' claims in the related cases.  All of the cases are at the early stages of litigation, so consolidation is in the interest of judicial economy, will save all parties time, effort and expense, and will prevent any confusion, delay or prejudice that might otherwise result from litigation of these cases before several district judges if the cases are not consolidated.  Indeed, at the time the related cases were filed, they should have been filed as "related" pursuant to L.R. 40.1(g)(2).

Thus, because this case and the related cases involve a common question of law or fact, and involve common parties, Respondents ask this Court to exercise its broad discretion under Fed. R. Civ. P. 42(a), and to consolidate these matters.  For the reasons set forth, *supra*, consolidation will not only join the issues of law and fact between the cases, but will avoid unnecessary costs and delays, as well as the potential for conflicting decisions based upon the same law and facts that apply to the same parties.

Wherefore, Respondents respectfully request this Court allow this Motion to Consolidate, and consolidate the related cases set forth above with the instant case.[1]

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Eve A. Piemonte*
Rayford A. Farquhar
Eve A. Piemonte
Assistant United States Attorneys
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Dated: May 8, 2020      Eve.Piemonte@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

I, Eve A. Piemonte, hereby certify that pursuant to L.R. 7.1(a)(2):

a. I conferred with counsel for Petitioners in a good faith attempt to narrow or resolve the issues raised by this motion, and Petitioners take no position on the motion to consolidate;

b. I conferred with counsel for plaintiff in *Crispin Abarientos v. Stephen Spaulding, et al.*, in a good faith attempt to narrow or resolve the issues raised by this motion and petitioner opposes this motion; and,

c. I <u>did</u> <u>not</u> confer with the *pro se* petitioners in the remaining related cases because they are incarcerated.

*/s/ Eve A. Piemonte*
Eve A. Piemonte
Dated: May 8, 2020      Assistant U.S. Attorney

---

[1] The related cases may also be reassigned pursuant to the provisions of Local Rule 40.1(i)(1).