United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  v.<br><br>Alexander Grinis,<br><br>  Defendant. | Criminal Action No.<br>18-10206-NMG |

MEMORANDUM AND ORDER

GORTON, J.

Currently pending before the Court is the emergency motion of defendant Alexander Grinis for modification of sentence and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In light of the COVID-19 pandemic, Grinis seeks to have this Court reduce his nine-month prison sentence, of which he has now served more than seven months, to time served and to allow him to self-quarantine in home confinement.

After defendant was sentenced on the charge of making a false statement on a loan application, he self-surrendered to the custody of the Bureau of Prisons ("BOP") and was incarcerated at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"). His current projected release

-1-

date is June 16, 2020, and he is subject to a two-year term of supervised release.

On April 17, 2020, Grinis, represented by counsel, submitted a formal request for Compassionate Release/Reduction in Sentence to FMC Devens. BOP denied that request.

Shortly thereafter, Grinis was informed by BOP that he had been "cleared for review" and was eligible for advanced and extended home confinement. That determination was made pursuant to the guidances provided by Attorney General William Barr on March 26, and April 2, 2020, 18 U.S.C. § 3624(c)(2) and the recently enacted CARES Act. Prior to his release, however, defendant was required to undergo a 14-day quarantine to counteract the risk of community spread of COVID-19.

As a result of apparent "[a]nxiety-fueled confusion" Grinis refused to enter the quarantine facility. BOP informed Grinis that his refusal to obey orders would result in a disciplinary infraction and jeopardize his eligibility for home confinement. As a consequence, Grinis was promptly transferred to isolation in the Special Housing Unit ("SHU") at FMC Devens, where he remains today.

> Pursuant to 18 U.S.C. § 3582(c), the Court
>
> may not modify a term of imprisonment once it has been imposed except. . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative

rights. . . if it finds that extraordinary and compelling reasons warrant such a reduction;

Grinis has submitted a formal request to FCM Devens for either a sentence reduction or compassionate release which was considered and denied. The Court finds that defendant has therefore fully exhausted his administrative rights and his motion is properly before this Court.

The Court also finds that, in light of (1) the COVID-19 pandemic and the national emergency declared by the President of the United States; (2) the particular risk of infection and transmission risk in penitentiary facilities; (3) defendant's status as a non-violent first-time offender who does not pose a danger to the community; 4) BOP's recent conclusion that Grinis "fit[s] the criteria for being at high risk for COVID-19" given his serious health conditions, and 5) that, as of May 5, 2020, Grinis will have been quarantined for the required 14 days as a result of being held in the SHU for his disciplinary infraction, there exist extraordinary and compelling circumstances which warrant a reduction in defendant's sentence.

Given the described circumstances, the Court determines that, after he completes his 14-day quarantine on May 5, 2020, Grinis is eligible for a sentence reduction to time served, whereupon his term of supervised release will commence subject

to the additional special condition that he remain in home confinement without electronic monitoring through June 16, 2020.

### ORDER

For the foregoing reasons, the emergency motion of defendant for modification of sentence and compassionate release (Docket No. 156) is **ALLOWED, in part, and DENIED, in part.** Upon completion on May 5, 2020, of Grinis' quarantine in the Special Housing Unit of the Bureau of Prisons facility in which he is currently incarcerated, his sentence is hereby reduced to time served. Upon release, his term of supervised release will commence and run until June 16, 2022, subject to all previously imposed conditions and the additional special condition that he remain in home confinement without electronic monitoring until June 16, 2020.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated May 4, 2020