# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER GRINIS, MICHAEL GORDON, and ANGEL SOLIZ, on behalf of themselves and those similarly situated,<br><br>        Petitioners,<br><br>v.<br><br>STEPHEN SPAULDING, Warden of Federal Medical Center Devens, and MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons, in their official capacities,<br><br>        Respondents. | Civil Action No. 20-cv-10738-GAO |

## RESPONDENTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Respondents in the above-captioned action respectfully submit the following supplemental persuasive authority for this Court's consideration of the pending motions now before this Court:

1. *Wragg, et al. v. Ortiz, et al.,* May 5, 2020), Civil No. 20-5496 (RMB), Opinion, ECF No. 40, (D. NJ May 27, 2020), attached hereto.

In *Wragg*, the petitioners filed a "Complaint-Class Action for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus" claiming violation of the Eighth Amendment and seeking release of hundreds of inmates to allow for social distancing and protection against COVID-19. *Wragg*, D. 40 at 2-3.

In denying petitioners' request for injunctive relief, and granting respondents' motion to dismiss, the court analyzed the same issues now pending before this Court. In finding that it lacked jurisdiction to consider petitioners' conditions of confinement claims brought pursuant to 28 U.S.C. § 2241, the court noted that the Supreme Court has not recognized petitioners' claim as cognizable, *Wragg*, D. 40 at 54, and further opined, "[t]his Court does not find this case to be that

'extraordinary case' where it should expand habeas jurisdiction, more extraordinary than even *Abbasi*, where the Supreme Court did not see fit to extend habeas jurisdiction over a conditions of confinement claim involving outright alleged physical abuse of prisoners who were not serving a sentence upon conviction of a crime." *Id.*, at 54 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1863 (2017)). Furthermore, even assuming jurisdiction to consider petitioners' claims existed, the court found that habeas relief was lacking where petitioners had other avenues available for immediate relief, such as a request for home confinement under the CARES Act and compassionate release under 18 U.S.C. § 3582(c)(1)(A), and exceptional circumstances to grant habeas relief were not present. *Id*. at 55.

The *Wragg* court opined, as this Court has held, that petitioners failed to present a likelihood of success on the merits of their Eighth Amendment claim. Indeed, no deliberate indifference exists in light of the Bureau of Prison's nationwide action plan to combat COVID-19, and the steps taken within the institution itself. *Wragg*, D. 40 at 61. In addressing the same claims as those made by Petitioners in this case – physical distancing is not possible in a prison environment – the court found "[t]hat physical distancing is not possible in a prison setting … does not an Eighth Amendment claim make…" *Id*. at 65.

Finally, in denying class certification, the court found that petitioners failed to meet the requirement for commonality required by Fed. R. Civ. P. 23(a), because the court would be required to undertake "an intensive, multi-step, individualized inquiry as to whether each prisoner met criteria for conditional release." *Wragg*, D. 40 at 81. The court further found that, like the Petitioners *sub judice*, the *Wragg* petitioners failed to meet the predominance requirement of Rule 23(b)(1), because although the issue of whether allegedly harmful prison procedures was common to all putative class members, the respondents' treatment of individual class members was not. *Id*.

at 87.  The court also found that a class action was not a "superior method" by which to adjudicate the controversy, and the individuals' petitions should be processed and evaluated as they were received, rather than requiring petitioners to wait for a class-wide resolution.  *Id*. at 88-89.

For these reasons, and for those argued previously before this Court, Respondents supplement their Omnibus Response (ECF No. 32), and ask this Court to deny the Petition for Writ of Habeas Corpus, deny class certification in this case, and deny Petitioners' motion for reconsideration of this Court's Order denying their motions for temporary restraining order, injunctive relief and declaratory judgment.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Dated: May 27, 2020        Eve.Piemonte@usdoj.gov